321 So.2d 659

**Joseph RUDOLPH**

v.

**Mary BRADLEY et al.**

**SC 1251.**

Supreme Court of Alabama.

Nov. 6, 1975.

Tipler, Fuller & Barnes, Andalusia, for appellees.

JONES, Justice.

Is the trial Court's finding, and decree rendered thereon, that Mary Bradley is an heir of Andrew Lee Rudolph, and thus owns a one-half undivided interest in certain property, supported by competent evidence? It is; therefore, we affirm.

Under the posture of the record before us, Mary Bradley can sustain the burden of upholding the decree in her favor if there is any evidence from which the trial Judge could find that she was born after the marriage of her mother and father, Andrew and Annie Rudolph, or that Andrew Rudolph, her putative father, after his marriage to her mother, recognized Mary as his child.

Certain background facts are not in dispute. Andrew Rudolph had one child, Irene, by his first marriage. At the time of Irene's death she was survived by her hus-

Arthur D. Shores, Birmingham, for appellant.

**20**

band and seven children, all of whom conveyed their interest to the appellant, Joseph Rudolph. After the death of Irene's mother, Andrew married Annie Autrey on January 3, 1933. Annie had four daughters—Brunetta, Daisy, Annie Lee, and Mary. The three oldest children were admittedly born before Annie and Andrew married. Annie Lee, the youngest of the three, was born in 1930.

The factual controversy centers around the date of birth of the youngest child, Mary. The case was tried before the Court without a jury. The oral testimony is in sharp conflict and the documentary evidence is not conclusive. There was evidence, however, tending to prove that Mary was born in 1933 and that the youngest of Annie's four children was not born until after Andrew came to live at "Uncle Amos's", the home where Annie was living at the time of her marriage to Andrew on January 3, 1933.

Moreover, there is ample evidence, though contradicted, to support the finding of legitimacy on the basis of Andrew's recognition of Mary as his daughter following his marriage to Annie. Tit. 27, § 10, Code.

Our scope of review under the ore tenus rule is too well settled to bear repetition or elaboration. See *Sterling Oil of Oklahoma, Inc. v. Pack,* 291 Ala. 727, 747, 287 So.2d 847 (1973).

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.